**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| XI JIANG, | No. 12-72466 |
| Petitioner, | Agency No. A088-293-673 |
| v. | |
| LORETTA E. LYNCH,[**] Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2015[***]
San Francisco, California

Before: TALLMAN, M. SMITH, and MURGUIA, Circuit Judges.

Xi Jiang ("Petitioner"), a native and citizen of China, petitions for review of a

decision by the Board of Immigration Appeals ("BIA") affirming an Immigration

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   Loretta E. Lynch is substituted for Eric H. Holder, Jr. as Attorney General. Fed. R. App. P. 43(c)(2).

[***]   The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Judge's ("IJ") denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(a) to review this REAL ID Act petition, and we deny the petition for review.

"Factual findings by the BIA are conclusive if supported by reasonable, substantial, and probative evidence on the record considered as a whole. . . . Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002) (quotation omitted). Both the BIA and the IJ provided specific and cogent reasons, supported by substantial evidence, for Petitioner's adverse credibility determination where: (1) Petitioner's testimony regarding his alleged beating by the police was internally inconsistent and inconsistent with his written statement, *see Rizk v. Holder*, 629 F.3d 1083, 1088, 1091 (9th Cir. 2011); (2) Petitioner's ability to depart China with no issues—by using his own passport—belied his claim that the police are searching zealously for him and would arrest him upon return to the Beijing airport, *see Khourassany v. INS*, 208 F.3d 1096, 1101 (9th Cir. 2000); and (3) Petitioner was vague and evasive in his responses with respect to the police abuse central to his claims, *see Wang v. INS*, 352 F.3d 1250, 1256-57 (9th Cir. 2003). Petitioner's

2

implausible testimony concerning his departure from China, including his claim that he accessed an airplane through a tunnel, further supports the IJ's adverse credibility determination. *Cf. Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007).

Although the IJ gave Petitioner the opportunity to explain the inconsistencies in his testimony when they arose, Petitioner failed to provide sufficient clarification. Additionally, none of the letters from friends and family offered by Petitioner provided corroborating evidence of his allegations of past persecution by the Chinese police. *Cf.* 8 U.S.C. § 1158(b)(1)(B)(ii) ("Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence."); *Aden v. Holder*, 589 F.3d 1040, 1044 (9th Cir. 2009) (citing same).

Because substantial evidence supports the agency's adverse credibility finding, *Molina-Estrada*, 293 F.3d at 1093, Petitioner fails to establish either past persecution or a well-founded fear of future persecution. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011). Consequently, Petitioner necessarily cannot meet the "higher burden of proof" required for withholding of removal. *Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir. 2000). Finally, Petitioner's claim for protection under CAT rests on the same factual allegations the IJ and BIA found not credible, and there was no error

3

in rejecting this claim as well. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION DENIED.**